```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

RAN-MAR, INC., RANDY J. ROULEAU,    :
and GREG A. ROULEAU,                :
                                    :
     Plaintiffs,                    :
                                    :
          v.                        :    Case No. 2:08-cv-159
                                    :
WAINWRIGHT BANK & TRUST COMPANY     :
and CAPITAL SOLUTIONS, LLC,         :
                                    :
     Defendants.                    :
```

MEMORANDUM and ORDER

Plaintiff Ran-Mar, Inc. ("Ran-Mar") entered into three equipment financing agreements ("EFAs") with Defendant Capital Solutions, LLC ("Capital Solutions") in June and August 2006, to secure its purchase of a used Komatsu wheel loader, a new Volvo dump truck and a used Freightliner truck.  Plaintiffs Randy and Greg Rouleau executed personal guarantees to the benefit of Capital Solutions.  Capital Solutions, a commercial leasing and financing company with its principal place of business in Nashua, New Hampshire, assigned these commercial loans to Wainwright Bank & Trust Company ("Wainwright Bank & Trust), a financial institution with its principal place of business in Boston, Massachusetts.

In February 2008 Ran-Mar sought a three-month reprieve on its debt payments.  Wainwright refused the request and issued notices of default to Capital Solutions, Ran-Mar and the Rouleaus.

Plaintiffs filed suit in April 2008 against Capital Solutions and Wainwright Bank & Trust in the Superior Court of Lamoille County, Vermont, alleging breach of contract, breach of the duty of good faith and fair dealing, commercial unreasonableness, and violations of Vermont's Consumer Fraud Act and Licensed Lender Act.  That action was dismissed for improper venue on August 11, 2008.

After Defendants had moved to dismiss the Lamoille Superior Court action, Plaintiffs served the instant action on Defendants on July 17, 2008, asserting identical claims, and filed it in the Superior Court of Washington County, Vermont on August 18, 2008. The Defendants removed the Washington Superior Court action to this Court on August 4, 2008, pursuant to 28 U.S.C. §§ 1441 and 1446(b).  Before the Court are Plaintiffs' motion for remand and Capital Solutions' motion to transfer venue.

**Motion for Remand**

Section 1446(b) provides that notice of removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based."  28 U.S.C. § 1446(b).  The Plaintiffs assert that the Defendants' receipt of the Lamoille Superior Court complaint in late April triggered the running of the thirty-day period for removal of the Washington Superior

Court action, rendering removal untimely.

Despite the fact that the actions involve identical claims and parties, the Washington Superior Court action is not merely a subsequent pleading, but a separate lawsuit, filed in a different court before a different judge, with a separate filing fee, a separate case number and necessarily different deadlines for responsive pleadings and discovery.  The plain language of section 1446(b) requires the receipt of an initial pleading that sets forth the claim for relief upon which *such* action is based, meaning the action the defendant desires to remove, in this case the Washington Superior Court action.  In the absence of any authority for a contrary interpretation, the Court declines to depart from the plain meaning of the statute.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 203 (2d Cir. 2001) (perceiving no ambiguity in this portion of the statute).

Because the Lamoille Superior Court action and the instant action are separate and distinct cases, notice of removal had to be filed within thirty days of receipt of the initial pleading in this case.  The notice of removal was timely filed; Plaintiffs' Motion for Remand (Doc. 10) is therefore **denied.**

### Motion to transfer venue

Each of the three EFAs and each of the six personal guaranties contains a forum selection clause, set out in capital letters.  The EFA forum selection clause states in relevant part:

>   OBLIGOR HEREBY AGREES THAT ALL ACTIONS OR PROCEEDINGS
>   ARISING DIRECTLY OR INDIRECTLY FROM OR IN CONNECTION
>   WITH THIS AGREEMENT SHALL BE LITIGATED ONLY IN THE
>   STATE AND COUNTY OF CREDITOR'S PRINCIPAL PLACE OF
>   BUSINESS OR SUCH OTHER FORUM AS CREDITOR SHALL ELECT.
>   Obligor consents to the jurisdiction and venue of the
>   foregoing courts.

(EFA ¶ 21.)  The Personal Guaranty states:

>   GUARANTOR HEREBY SUBMITS TO THE JURISDICTION AND VENUE
>   OF THE FEDERAL AND STATE COURTS IN THE STATE AND COUNTY
>   OF CREDITOR'S PRINCIPAL PLACE OF BUSINESS LISTED ABOVE,
>   IN ANY ACTION OR PROCEEDING BROUGHT UNDER THIS GUARANTY
>   (IF CREDITOR CHOOSES TO BRING ANY SUCH ACTION OR
>   PROCEEDING IN SUCH JURISDICTION AND VENUE).

(Personal Guaranty 2.)  Capital Solutions has moved pursuant to 28 U.S.C. § 1404(a)[1] for an order transferring this case to the United States Court for the District of New Hampshire.

This Court applies federal law to the question whether to give effect to the forum selection clauses by transferring this case.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988); *see also Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) ("Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature.").  Given that the motion before the Court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the Court does

---

[1]  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

4

not apply *The Bremen*[2] factors as it would in a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a), *see id.*, but considers the presence of a forum selection clause as one factor in its consideration of fairness and convenience under § 1404(a). *See Stewart*, 487 U.S. at 30 ("Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs.  The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'"); *accord Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (motions for transfer "are determined upon notions of convenience and fairness on a case-by-case basis").  Nevertheless, the presence of a forum selection clause may carry significant weight.  *See Stewart*, 487 U.S. at 29.

For a § 1404(a) convenience transfer, the proposed transferee district must be one in which the action "might have been brought."  § 1404(a).  Jurisdiction and venue are appropriate in the District of New Hampshire, *see* 28 U.S.C. §§

---

[2]  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (contractual forum selection clause should be enforced unless the resisting party shows "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching").

1332(a), 1391(a); this action might have been brought there. Given an appropriate transferee forum, a district court must determine whether transfer is warranted under § 1404(a). Factors a district court must weigh in that determination include:

> "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). The forum selection clauses are entitled to substantial weight, *Stewart*, 487 U.S. at 29, as is the plaintiff's choice of forum. *See In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995) (per curiam). Transfer must also be in the interest of justice. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). With the exception of the plaintiff's choice of forum, the factors listed in *Blair* favor neither the Plaintiffs nor Capital Solutions; for example, both have witnesses and evidence within their chosen fora, and the two districts are adjacent, reducing any inconvenience to parties or witnesses.

Ordinarily a valid contractual forum selection clause will overcome deference to a plaintiff's choice of forum, because it is "treated as a manifestation of the parties' preferences as to a convenient forum. *See Jumara v. State Farm Ins. Co.*, 55 F.3d

873, 880 (3d Cir. 1995).  The EFAs provide that any action related to the agreements shall be litigated in the state and county of Capital Solutions' principal place of business, which is the city of Nashua, New Hampshire, or in any other forum that Capital Solutions designates.  The Personal Guaranties provide for venue in "the federal and state courts" in the state and county for Nashua, should Capital Solutions choose to bring its action there.  Given that the EFA clause provides for venue in the state court for Nashua, New Hampshire,[3] or any other forum chosen by Capital Solutions, and the Personal Guaranty clause provides for venue in the state or federal court for Nashua should Capital Solutions choose to bring suit there, the clauses cannot be considered mandatory in nature, because they do not provide for one exclusive forum.  *See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) ("choice of forum must be mandatory rather than permissive;" without mandatory venue language forum selection clause need not be enforced).

The effect of these provisions is that Capital Solutions may bring its lawsuit in any forum where jurisdiction lies, and Plaintiffs must initiate their lawsuit arising under the EFAs in

---

[3]  Arguably the language of the EFA forum selection clause does not provide for venue in the United States District Court for the District of New Hampshire, because that court is not located in the state and county for Nashua, New Hampshire.

the state court in Nashua, or under the Personal Guaranties in the state or federal court for Nashua, or submit to Capital Solutions' choice of forum.  Under the circumstances these clauses are sufficiently vague and non-specific as to render them an uncertain guide to any agreement concerning "the parties' preferences as to a convenient forum."  *Jumara*, 55 F.3d at 880.

Neither the Plaintiffs nor Capital Solutions has established that the interest of justice favors venue in either forum.  Relief appears to be available in either forum, and the action does not involve complex questions of Vermont or New Hampshire law.  Under the circumstances, given consideration of the § 1404(a) factors, the Plaintiffs' choice of forum will be honored.  Capital Solutions' Motion to Transfer Venue (Doc. 13) is therefore **denied.**

Dated at Burlington, Vermont this 9th day of October, 2008.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge
